REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 2332

September Term, 2014

_____

ROBIN VERA COLBERT

v.

STATE OF MARYLAND

_____

Woodward,
Wright,
Friedman,

JJ.

_____

Opinion by Friedman, J.

_____

Filed: July 28, 2016

The sole question in this case is the constitutionality of §16-205.1(c) of the Transportation ("TR") Article of the Maryland Code, which allows a warrantless breath or blood alcohol test of a driver who is (1) "involved in a motor vehicle accident"; that (2) results in "death … or a life threatening injury"; and (3) that law enforcement has "reasonable grounds to believe" that the driver is under the influence of drugs or alcohol. TR §16-205.1(c). If the law is constitutional, then Colbert's conviction stands. If the law is unconstitutional, her conviction must be reversed. Because we find that this law is precisely the kind envisioned by Justice Kennedy in his controlling concurrence to *Missouri v. McNeeley*, 569 U.S. ----, 133 S. Ct. 1552 (2013), we find that the law is constitutional with respect to breath tests and therefore affirm Colbert's conviction.[1]

---

[1] After this case was briefed and argued, the United States Supreme Court issued its Opinion in *Birchfield v. North Dakota*, in which it approved of a *per se* rule allowing warrantless breath (but not blood) tests incident to drunk driving arrests. 579 U.S. ----, 136 S. Ct. 2160, 2185 (2016) ("Because breath tests are significantly less intrusive than blood tests and in most cases amply serve law enforcement interests, we conclude that a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving."). While not controlling of the instant case, *Birchfield* compels us to add two caveats to our decision.

*First*, *Birchfield* analyzed a different exception to the warrant requirement than we are concerned with here. In *Birchfield*, the Supreme Court analyzed the exception pertaining to searches incident to arrest. Although at the motions hearing there was a dispute about whether Colbert was under arrest at the time she was subjected to the breath test, that issue was not resolved below, and we cannot reach it on appeal. Instead, the parties have argued and we address this case solely pursuant to the exigent circumstances exception to the warrant requirement.

*Second*, *Birchfield* places great emphasis on a distinction it draws between the bodily intrusion involved in a breath test and that involved in a blood test. *Birchfield*, 579 U.S. ----, 136 S. Ct. at 2176-78. We take no position on the constitutionality of the administration of a blood alcohol test pursuant to TR §16-205.1(c).

**FACTS**

Robin Vera Colbert was driving a grey Nissan along Route 50. She took an exit ramp toward Ritchie Highway but missed and ended up on the Baltimore & Annapolis ("B&A") Bicycle Trail instead. There she struck two cyclists from behind: Katie Pohler and Todd Green. Bystanders called 911 and applied pressure to a bleeding wound to Pohler's neck. Paramedics arrived quickly and summoned helicopters to transport Pohler and Green to Shock Trauma. Later Pohler would be diagnosed as suffering from a broken fibula, ulna, collarbone, shoulder blade, and vertebrae. She also suffered a lacerated carotid artery and a crushed trachea.

When Officer Eric Trumbauer of the Anne Arundel County Police Department arrived at the scene, Colbert identified herself as the driver of the grey Nissan. Officer Trumbauer smelled alcohol from Colbert, noted that she was slurring her speech and was unable to keep her balance. Officer Trumbauer performed a field sobriety test on Colbert, which she failed. Officer Trumbauer then instructed Corporal Doyle to take Colbert to the Eastern District Police Station for a breath test, which resulted in a reading of .15 blood-alcohol content, well above the legal limit of .08.

Colbert was charged with eleven criminal counts related to the incident. Colbert moved to suppress the breath test results because they had been obtained without a warrant. After the trial court denied that motion, Colbert proceeded by way of a Not Guilty Agreed Statement of Facts as to two of the counts. She was found guilty of those two counts and the State *nolle prossed* the remaining counts. The two counts on which Colbert was

convicted were merged for sentencing and the trial court sentenced Colbert to three years incarceration with all but eighteen months suspended and five years of supervised probation. This appeal followed.

## ANALYSIS

The Fourth Amendment to the U.S. Constitution provides that

> [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const., Amend. IV. Compelled breath and blood alcohol tests are searches and are thus subject to a Fourth Amendment analysis. *Schmerber v. California*, 384 U.S. 757 (1966). In *Schmerber*, however, the U.S. Supreme Court affirmed a warrantless blood test of an individual arrested for driving under the influence of alcohol, reasoning that the natural metabolization of alcohol in the bloodstream creates an exigency justifying an exception to the warrant requirement. More recently, courts split on the question of "whether the natural dissipation of alcohol in the bloodstream establishes a *per se* exigency that suffices on its own to justify an exception to the warrant requirement." *McNeely*, 569 U.S. at ----, 133 S. Ct. at 1558. In trying to resolve that split, the Supreme Court, as it so often does, fractured, leaving readers to puzzle out the meaning of the various Opinions.

Justice Sotomayor wrote for a five-judge majority of the Court (Scalia, Kennedy, Ginsburg, Sotomayor, and Kagan, JJ), holding that the metabolization of the alcohol in the bloodstream does not create an automatic exception to the warrant requirement. *McNeeley*,

569 U.S. at ----, 133 S. Ct. at 1559. Her majority fell apart, however, when she suggested

that each case must be considered on its individual facts to determine whether a warrant

was required. Justice Kennedy wrote a separate concurrence, in which he took the position

that States and local governments may define categories of cases in which warrants are not

required:

> The repeated insistence in Part III[2] that every case be determined by its own circumstances is correct, of course, as a general proposition; yet it ought not to be interpreted to indicate this question is not susceptible of rules and guidelines that can give important, practical instruction to arresting officers, instruction that in any number of instances would allow a warrantless blood test in order to preserve the critical evidence. States and other governmental entities which enforce the driving laws can adopt rules, procedures, and protocols that meet the requirements of the Fourth Amendment and give helpful guidance to law enforcement officials.

*McNeely*, 569 U.S. at ----, 133 S. Ct. at 1568-69 (Kennedy, J., concurring). Pursuant to the

so-called *Marks* rule governing the interpretation of plurality opinions, Justice Kennedy's

concurrence states the governing rule of decision.[3] Therefore, we read *McNeely* as holding

---

[2] "Part III" refers to a section of Justice Sotomayor's opinion that commanded the support of only four justices and which Justice Kennedy declined to join.

[3] *Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds'").

that state and local governments may develop appropriate *per se* rules to help law enforcement to decide when warrants will be required.[4]

In our judgment, TR §16-205.1(c) is precisely the type of *per se* rule that Justice Kennedy was contemplating in his *McNeely* concurrence. Moreover, by utilizing a three-part test, TR §16-205.1(c), helps law enforcement identify a category of cases in which it is particularly reasonable to dispense with the warrant requirement. *First*, there must have already been a "motor vehicle accident," which eliminates the routine sobriety checkpoint type cases at issue in *McNeely*. *Second*, the accident must have caused "death … or a life threatening injury." This requirement limits the warrant exception to the most serious cases, in which the attention of law enforcement and first responders will necessarily be divided between a variety of critical tasks, including providing medical attention to the victim(s), crowd control, traffic control, detaining a suspect, investigation, and collecting evidence. In such a circumstance, we cannot fault the General Assembly for assigning a lower priority to swiftly obtaining a warrant before the evidence metabolizes. *Third*, there must be "reasonable grounds to believe" that the driver is under the influence of alcohol, which assures that this exception won't be used on a generalized basis, but only when law

---

[4] Although we believe ourselves bound by the *Marks* rule to follow Justice Kennedy's concurrence, we also believe that Justice Sotomayor and the members of her plurality would also approve of the constitutionality of TR §16-205.1(c). *See McNeely*, 569 U.S. at ---- n.9, 133 S. Ct. at 1566 n.9 (citing, with apparent approval, State statutes "plac[ing] significant restrictions on when police officers may obtain a blood sample despite a suspect's refusal (often limiting testing to cases involving an accident resulting in death or serious bodily injury)" and citing as an example, among others, Maryland's TR §16-205.1(c).

enforcement has an articulable suspicion that the defendant is under the influence of drugs or alcohol. Together, these three factors identify an appropriate category of cases in which it is reasonable to automatically dispense with the warrant requirement. We hold, therefore, that TR §16-205.1(c) is constitutional.

We also hold, if there was any doubt, that the trial court did not abuse its discretion in finding that, at the time of the accident, all three conditions of TR §16-205.1(c) were satisfied: there had been a motor vehicle accident, the victim had suffered a life threatening injury,[5] and Officer Trumbauer had reasonable grounds to believe that Colbert was under the influence of alcohol. Thus, the statute applied, and it was appropriate to require Colbert to submit to a breath test without need for a warrant.

> **JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[5] We note that at the hearing, Colbert contested whether the victims objectively satisfied the standard of having suffered a "life threatening injury." We don't think that is the right question. A law enforcement officer, in the field, in stressful circumstances, should not be held to the same standard of diagnosis as a medical professional. Rather, the correct question is whether the officer had a reasonable belief that the victim had suffered a "life threatening injury." Given Pohler's blood loss, we don't think it is possible to think otherwise.